**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KATHY HALL,

          Plaintiff,

v.                                    Case No:   6:24-cv-2330-JSS-LHP

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

          Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL (Doc. No. 17)** |
| **FILED:** | **May 23, 2025** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

In this uninsured/underinsured motorist case, Defendant Progressive American Insurance Company moves to overrule Plaintiff Kathy Hall's objections to two (2) interrogatories, compel better verified answers to three (3) interrogatories, and compel Plaintiff to answer specific deposition questions.   Doc. No. 17.

Defendant also requests its reasonable fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).   *Id.*

The discovery at issue all relates to whether Plaintiff has been treated by any medical providers under Letters of Protection.   *Id.*, at 1-2.   *See also* Fla. Stat. § 768.0427(1)(d).   In response to Interrogatory 27, Plaintiff stated that she could not recall which of her treating providers were treating her under a Letter of Protection. Doc. No. 17, at 1; Doc. No. 17-1, at 11.   Plaintiff also objected on the basis of attorney-client privilege to Interrogatory 28, which requested, in part, the identity of any person who referred Plaintiff to a medical provider for treatment under a Letter of Protection, and to Interrogatory 29, which requested the number of total referrals Plaintiff's counsel and/or law firm made to each such medical provider in the last five (5) years, the frequency of the referrals, and financial benefits obtained from such referrals.   Doc. No. 17, at 1; Doc. No. 17-1, at 12.   And at Plaintiff's deposition, her attorney objected on the basis of attorney-client privilege and instructed Plaintiff not to answer questions regarding how Plaintiff located Avalon Park Chiropractic and Integrity Medical Group as healthcare providers for the injuries she allegedly sustained in the subject crash.   Doc. No. 17, at 2; Doc. No. 17-2, at 53-55.   Defendant contends that the information it is seeking is not protected by the attorney-client privilege pursuant to Fla. Stat. § 768.0427(3)(e), which specifically permits disclosure of referral information related to Letters of

Protection, including financial relationships between the medical provider and a law firm.   Doc. No. 17, at 2-3.

Plaintiff has not responded to the motion, and the time to do so has expired. *See* Doc. No. 15, ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion).   Accordingly, the Court deems the motion to be unopposed in all respects.   *See id.* (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); *see also Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at *1 (M.D. Fla. Sept. 24, 2024) (granting motion to compel as unopposed when opposing party failed to file a timely response in accordance with Standing Discovery Order); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion and the attached interrogatories and deposition transcript, the Court finds Defendant's motion (Doc. No. 17) well taken. *See also* Fla. Stat. § 768.0427(3)(e).

Accordingly, it is **ORDERED** as follows:

1.    Defendant Progressive American Insurance Company's Motion to Compel (Doc. No. 17) is **GRANTED in part**.

2.    Within **fourteen (14) days** of the date of this Order, Plaintiff shall provide complete verified answers to Interrogatories 27, 28, and 29 from Defendant's First Set of Interrogatories.   Doc. No. 17-1.

3.    Defendant shall be permitted to conduct a supplemental deposition of Plaintiff, of no more than **one (1) hour** in duration, for the sole purpose of inquiring about the issues set forth in the present motion regarding Avalon Park Chiropractic and Integrity Medical Group.   Within **fourteen (14) days** from the date of this Order, the parties shall file a joint notice setting forth the date, time, and location of the supplemental deposition.

4.    All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel.   *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Weaver*, 2024 WL 4275221, at *1 (same); *Bercini*, 2016 WL 11448993, at *2 (same).

5.      With respect to Defendant's request for sanctions, the Court declines
to award sanctions in this instance.    *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).
Accordingly, Defendant's motion (Doc. No. 17) is **DENIED** in all other respects.
However, Plaintiff is advised that going forward, failures to respond to properly
filed discovery motions may result in the imposition of sanctions.

   **DONE** and **ORDERED** in Orlando, Florida May 30, 2025.

   _____
   LESLIE HOFFMAN PRICE
   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties